$400

JCJ

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

SHONTE WATKINS
1208 Culhane Street
Chester, PA 19013

                Plaintiff,

v.

VISION ACADEMY CHARTER SCHOOL
41 E. Baltimore Avenue
Lansdowne, PA 19050

                Defendant.

---

Civil Action No.: 20-656

**JURY TRIAL DEMANDED**

FILED
FEB 04 2020
KATE BARKMAN, Clerk
By _____ JZ _____ Dep. Clerk

## COMPLAINT – CIVIL ACTION

Plaintiff, Shonte Watkins ("Plaintiff"), by and through her undersigned attorneys, for her Complaint against Defendant, Vision Academy Charter School ("Defendant") alleges as follows:

### INTRODUCTION

1. Plaintiff brings this Complaint contending Defendant violated Plaintiff's rights protected by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, as amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k), *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, by terminating her employment on the basis of her gender and pregnancy. Plaintiff also alleges Defendant violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, by terminating Plaintiff in retaliation for her requesting leave and interfering with Plaintiff's right to take leave under same.

### PARTIES

2. Plaintiff, Shonte Watkins, is a citizen of the United States and Pennsylvania, and currently maintains a residence at 1208 Culhane Street, Chester, PA 19013.

FEB - 4 2020

1

3. Defendant, Vision Academy Charter School is a business entity operating and existing under the laws of the Commonwealth of Pennsylvania, with a registered business address at 41 E. Baltimore Avenue, Lansdowne, PA 19050.

4. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

5. Paragraphs 1 through 4 are hereby incorporated by reference, as though the same were fully set forth herein.

6. On or about January 30, 2019, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e). Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2019-02172. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of her unlawful termination.

7. By correspondence dated November 8, 2019, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising her that she had ninety (90) days to file suit against Defendant.

8. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

9. This action is for violations by Defendant of Plaintiff's rights protected by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, as amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k), *et seq.,* as well as the Family and

2

Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

10. This Court has original jurisdiction over Plaintiff's Title VII, PDA, and FMLA claims, pursuant to 28 U.S.C. §§ 1331 and 1343, as these are civil rights actions arising under the law of the United States.

11. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise from the same nucleus of operative facts as her federal claims.

12. The venue in this district is proper under 28 U.S.C. § 1391(b), as the parties reside in this judicial district and the events giving rise to this action occurred in this judicial district.

## FACTUAL BACKGROUND

13. Paragraphs 1 through 12 are hereby incorporated by reference, as though the same were fully set forth herein.

14. On or about August 13, 2017, Plaintiff began her employment with Defendant as a Secretary.

15. During her employment with Defendant, Plaintiff performed her job satisfactorily, receiving occasional praise, and no justifiable discipline.

16. In and around December 2017, Plaintiff was suffering complications with a pregnancy. On or about January 1, 2018, Plaintiff's doctor put her on bed rest, and Plaintiff notified her supervisor, Isik Durmus ("Mr. Durmus"), CEO/Principal of Defendant.

17. On or about January 12, 2018, Plaintiff delivered prematurely at 21 weeks, and the child passed away. Plaintiff's doctor recommended to Mr. Durmus that she stay out of work until around February 24, 2018 depending on her postpartum healing.

18. In or about April 2018, Plaintiff discovered that she was pregnant again.

19. Plaintiff subsequently informed Mr. Durmus that she would require a surgical procedure on or about July 17, 2018.

20. On or about July 23, 2018, Plaintiff returned to work with a note from her doctor referencing her obstetrical care and excusing her three-day absence related to the procedure.

21. On or about August 7, 2018, during a conference call, Defendant's Business Manager, Ali Ozacalay, stated that Plaintiff's pregnancy was "too expensive" and that she would be terminated.

22. On or about August 8, 2018, Plaintiff provided Defendant with a note from her doctor again referencing her obstetrical care and estimating her due date at January 25, 2019.

23. Plaintiff was subsequently terminated on or about August 13, 2019 for "budgetary issues" and "performance issues" related to Plaintiff's attendance.

24. Defendant's stated reason for Plaintiff's termination was pretextual and Defendant actually terminated Plaintiff on the basis of her gender and pregnancy, and in retaliation for Plaintiff's request for pregnancy-related leave under the FMLA the following year.

25. At the time of her unlawful termination, Plaintiff was qualified for her position.

26. Upon information and belief, at the time of her unlawful termination, Defendant had a continuing need for the job duties and responsibilities previously performed by Plaintiff.

27. At the time of her unlawful termination, Plaintiff would have been entitled to leave under the FMLA for the birth of her child.

28. Defendant willfully violated the provisions of the FMLA by terminating Plaintiff's employment after Plaintiff disclosed her need for pregnancy-related leave.

29. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion

benefits, earnings and earnings potential, loss of potential benefits, and other economic damages.

**COUNT I**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. § 2000e, *ET SEQ.***
**GENDER DISCRIMINATION**

30. Paragraphs 1 through 29 are hereby incorporated by reference, as though the same were fully set forth herein.

31. Upon information and belief, Defendant employed over fifteen (15) employees at all times relevant hereto.

32. Plaintiff is a female and, as such, is a member of a protected class.

33. After Plaintiff disclosed her pregnancy to her supervisor, Defendant engaged in discriminatory behavior toward Plaintiff on the basis of, *inter alia*, her gender.

34. Ultimately, Defendant took tangible employment action against Plaintiff in the form of termination from employment because of Plaintiff's gender, in violation of Title VII.

35. Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

36. Because of Defendant's deliberate, unlawful, wanton, and malicious actions as set forth above, Plaintiff suffered damages in the form of, *inter alia*, loss of past and future wages and compensation, mental and emotional damages, damage to reputation, personal humiliation, and loss of life's enjoyment.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Back wages and front pay, in an amount to be determined at trial, but no less than One Hundred and Fifty Thousand Dollars ($150,000.00);

B.   Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.   Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D.   Pre-judgment interest in an appropriate amount; and

E.   Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## AS AMENDED BY THE PREGNANCY DISCRIMINATION ACT
## 42 U.S.C. § 2000e, *ET SEQ.*
## PREGNANCY DISCRIMINATION

37.   Paragraphs 1 through 36 are hereby incorporated by reference, as though the same were fully set forth herein.

38.   Upon information and belief, Defendant employed over fifteen (15) employees at all times relevant hereto.

39.   At the time of her termination, Plaintiff was pregnant and, as such, was a member of a class protected under Title VII, as amended by the PDA, from unlawful discrimination because of pregnancy.

40.   After Plaintiff disclosed her pregnancy to her supervisor, Defendant engaged in discriminatory behavior toward Plaintiff on the basis of, *inter alia*, her pregnancy.

41.   Additionally, Defendant discriminated and retaliated against Plaintiff for requesting pregnancy-related leave.

42.   Ultimately, Defendant took tangible employment action against Plaintiff in the form of termination from employment because of Plaintiff's pregnancy and request for

pregnancy-related leave, in violation of Title VII, as amended by the PDA.

43. Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

44. Because of Defendant's deliberate, unlawful, wanton, and malicious actions as set forth above, Plaintiff suffered damages in the form of, *inter alia*, loss of past and future wages and compensation, mental and emotional damages, damage to reputation, personal humiliation, and loss of life's enjoyment.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Back wages and front pay, in an amount to be determined at trial, but no less than One Hundred and Fifty Thousand Dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

### COUNT III
### FAMILY AND MEDICAL LEAVE ACT
### 29 U.S.C. § 2601, *ET SEQ.*
### INTERFERENCE AND RETALIATION

45. Paragraphs 1 through 44 are hereby incorporated by reference, as though the same were fully set forth herein.

46. Upon information and belief, Defendant employed at least fifty (50) employees within the applicable seventy-five (75) mile radius for each working day in each of twenty (20) or more calendar days in the current or preceding year.

47. Plaintiff would have been an eligible employee under the FMLA and thus entitled to twelve (12) weeks of unpaid leave for the birth of her children at the time of her anticipated delivery, in or around January 2019.

48. Plaintiff provided adequate notice to Defendant of her need for medical leave by giving notice as soon as she became aware of the need for leave and as soon as was practicable, pursuant to 29 U.S.C. § 2612(e).

49. Defendant willfully violated the FMLA by: (a) terminating Plaintiff in retaliation for requesting and seeking leave under the FMLA; and (b) interfering with Plaintiff's rights to protected leave under the FMLA.

50. The aforementioned actions of Defendant constitute both interference and retaliation violations of the FMLA.

51. Plaintiff has, because of Defendant's wrongful termination of her employment, suffered loss of employment, earnings, raises, and other significant economic benefits, along with emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Back wages and front pay, in an amount to be determined at trial, but no less than One Hundred and Fifty Thousand Dollars ($150,000.00);

B. Liquidated damages;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

## COUNT IV
## THE PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. § 951, *ET SEQ.*
## DISCRIMINATION

52. Paragraphs 1 through 51 are hereby incorporated by reference, as though the same were more fully set forth at length herein.

53. At the time of her termination, Plaintiff was female and pregnant and, as such, was a member of classes protected under the PHRA from unlawful discrimination because of sex and pregnancy.

54. After Plaintiff disclosed her pregnancy to her supervisor, Defendant engaged in discriminatory behavior toward Plaintiff on the basis of, *inter alia*, her pregnancy.

55. Additionally, Defendant discriminated against Plaintiff for requesting pregnancy-related leave.

56. Ultimately, Defendant took tangible employment action against Plaintiff in the form of termination from employment because of Plaintiff's pregnancy and request for pregnancy-related leave, in violation of the PHRA.

57. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

58. The conduct described above constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 955, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

MURPHY LAW GROUP, LLC

By: _____
Michael Murphy, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
*Attorney for Plaintiff*

Date: February 3, 2020

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.