**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHONTE WATKINS,<br>          Plaintiff, | CIVIL ACTION |
| v. | |
| VISION ACADEMY CHARTER SCHOOL<br>          Defendant. | NO.   20-656 |

**MEMORANDUM**

**Joyner, J.**                                    **July 23, 2020**

Presently before this Court are Defendant's Motion to
Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) and to Compel
Mediation and Arbitration, and Plaintiff's Memorandum of Law in
Opposition thereof.  For the reasons that follow, Defendant's
Motion is denied without prejudice.

## Factual Background

On February 4, 2020, Plaintiff Shonte Watkins filed an
employment discrimination action against Defendant Vision
Academy Charter School, her former employer, for alleged
violations of Title VII of the Civil Rights Act of 1964, 42
U.S.C § 2000e *et seq.*, the Pregnancy Discrimination Act, 42
U.S.C. § 2000e(k) *et seq.*, the Family Medical Leave Act
("FMLA"), 29 U.S.C. § 2601, and the Pennsylvania Human Relations
Act, 43 Pa. Cons. Stat. § 951 *et seq.* (Pl. Complaint – Civil
Action, Doc. No. 1 §1.)  Specifically, Plaintiff claims that

Defendant terminated her on the basis of her gender and pregnancy and in retaliation for Plaintiff's request for pregnancy-related leave under the FMLA.  (Id.)  Defendant brings the instant Motion to Dismiss and to Compel Mediation and Arbitration of Plaintiff's claims pursuant to an arbitration clause in Plaintiff's Employment Agreement.  (Def. Vision Academy Charter School's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) and to Compel Mediation and Arbitration, Doc. No. 6.)

Plaintiff worked for Defendant as a Secretary.  (Doc. No. 1 §14.)  Upon accepting employment on or about July 18, 2017, Plaintiff executed an Employment Agreement containing a mediation and arbitration clause which requires that all claims relating to the Agreement be submitted to mediation and if necessary, arbitration.  (Doc. No. 6 at 2).  Plaintiff's employment was then "terminated on or about August 13, 2019 [sic][1]. . . ."  (Doc. No. 1 § 23.)

The terms of the arbitration clause relevant to this motion are as follows:

> If there is any dispute between the parties regarding or related to this Agreement, that dispute must be first submitted to non-binding mediation before a mediator agreeable to both parties. . . . Any fees or costs incurred by a mediator shall be shared equally by the parties.  If mediation fails, then either party may submit an

---

[1] This Court is inferring that Plaintiff was terminated on August 13, 2018, as that is the end of the employment term specified in the Employment Agreement.  (Emp. Agmt. ¶ 2.)

> arbitration claim to AAA and binding arbitration before AAA
> shall be the sole and exclusive jurisdiction for any such
> dispute. . . . The fees and costs incurred by AAA and the
> AAA arbitrator shall be shared equally by the parties.  The
> prevailing party in the arbitration shall be entitled to
> recover from the non-prevailing party reasonable attorney's
> fees and costs incurred by the prevailing party.

(Emp. Agmt. ¶ 13.)

In her Response, Plaintiff does not dispute entering into the Employment Agreement with Defendant.  (See Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss and to Compel Mediation and Arbitration, Doc. No. 7.)  Rather, she contends that (1) her claims do not fall within the scope of the agreement and (2) the arbitration clause is unconscionable, rendering it invalid and unenforceable.  (Id. at 1.)

## Analysis

### Subject-Matter Jurisdiction

Subject-matter jurisdiction over Plaintiff's federal claims is proper under 28 U.S.C. § 1331.  (Doc. No. 1 § 10.)  This Court has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.  (Id. § 11.)

### Standard of Review

Section 2 of the Federal Arbitration Act ("FAA") provides that arbitration agreements "evidencing a transaction involving [interstate] commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Thus, if a

valid agreement to arbitrate exists and the dispute falls within the scope of its terms, the Court must mandate arbitration.  Id. The Third Circuit has set forth which standard Courts should apply when deciding whether to compel arbitration.  See Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 773-74 (3d Cir. 2013).  Which standard is appropriate turns on whether "the affirmative defense of arbitrability of claims is apparent on the face of a complaint or documents relied upon in the complaint."  Id. (internal quotations omitted).  If it is "apparent . . . that certain of a party's claims are subject to an enforceable arbitration clause," then Courts should apply the Rule 12(b)(6) standard.  Id. at 776 (internal quotations omitted).

However, if "the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue," then the parties should engage in limited discovery regarding the question of arbitrability.  Id. Once this limited discovery is complete, the Court may consider a renewed motion to compel arbitration, this time under a summary judgment standard.  Id.  In this instance, parties seeking to avoid arbitration can place the agreement to arbitrate in issue using general "applicable contract defenses, such as fraud, duress, or

unconscionability . . . ." Doctor's Assocs., Inc. v. Casarotto,
517 U.S. 681, 687 (U.S. 1996). Conclusory, self-serving
affidavits are generally insufficient to meet the burden
required; the affidavit must set forth specific facts that
create a genuine issue of material fact. Kirleis v. Dickie,
McCamey & Chilcote, P.C., 560 F.3d 156, 160 (3d Cir. 2009).

   As a threshold issue, the Court must determine which
standard applies to this instant motion. In Asberry-Jones v.
Wells Fargo Bank, Nat'l Ass'n, 2019 WL 2077731 at *3 (E.D. Pa.
May 10, 2019), the plaintiff's complaint did not refer to the
arbitration agreement at issue. However, because the Court
found the allegations to fall within the scope of the
agreement's terms and the plaintiff did not challenge the
agreement's validity, the Court chose to apply the Rule 12(b)(6)
standard. Id,(noting the "purposes of the [Federal Arbitration]
Act would be frustrated" if plaintiffs could avoid having their
claims compelled to arbitration simply by failing to mention an
applicable arbitration agreement in their complaints) (internal
quotations omitted).

   As in Asberry-Jones, the affirmative defense of
arbitrability of Plaintiff's claims here is not apparent on the
face of the Complaint or the documents relied upon in the
Complaint. (See Doc. No. 1.) However, unlike the plaintiff in
Asberry-Jones, Plaintiff has responded to Defendant's motion

with additional facts that place the agreement to arbitrate in
issue. (See Doc. No. 7.) Plaintiff argues that the arbitration
clause is unconscionable and thus unenforceable because, *inter
alia*, it requires Plaintiff to split the costs and fees of both
mediation and arbitration with the Defendant and to pay
Defendant's attorney's fees should she be unsuccessful in the
arbitral forum. (Doc. No. 7 at 9). In support of her
challenge, Plaintiff submitted an affidavit regarding her
financial status and inability to pay the required costs should
the Court compel arbitration. (Dec. of Shonte Watkins, Doc. No.
7.1 ¶¶4-6.)

Though Plaintiff's affidavit is self-serving, it sets forth
specific facts that create a genuine issue of material fact
regarding the validity of the arbitration clause. For example,
Plaintiff swore under oath that she "do[es] not possess the
financial means to bear even half of the costs of mediation and
arbitration, let alone Defendant's attorneys' fees and costs."
(Id. ¶ 6.) After her employment ended, she "was unable to find
work until in or about November 2019," she "did not receive
unemployment benefits," and her current salary "was reduced to
about $47,000 per year due to the ongoing pandemic." (Id. ¶¶4-
5.) These allegations are sufficiently specific and uncontested
by Defendant. Accordingly, Plaintiff's arguments regarding the
unconscionability of the arbitration clause create a genuine

issue of fact as to the arbitrability of Plaintiff's claims.  We thus find it appropriate that the parties should engage in limited discovery regarding the question of arbitrability.  <u>See</u>, <u>Guidotti</u>, 716 F.3d at 776.

Determining the Scope of Limited Discovery

As the parties shall engage in limited discovery, the Court will now address the scope of that discovery.  To determine whether an agreement to arbitrate is unconscionable, Courts apply state contract principles.  <u>Quilloin v. Tenet HealthSystem Philadelphia, Inc.</u>, 673 F.3d 221, 230 (3d Cir. 2012).  Thus, in determining unconscionability, this Court uses principles of Pennsylvania law.  Under Pennsylvania law, "a contract or term is unconscionable, and therefore avoidable, where there was a lack of meaningful choice in the acceptance of the challenged provision and the provision unreasonably favors the party asserting it."  <u>Salley v. Option One Mortg. Corp.</u>, 119. **(full citation)**

A series of opinions in this District have held that cost-sharing provisions unreasonably favor the party asserting them and are unconscionable where the costs and fees of arbitration are shown to be prohibitively expensive for plaintiffs.  <u>See</u> <u>Parker v. Briad Wenco, LLC</u>, 2019 WL 2521537 at *4-5 (E.D. Pa. May 14, 2019);  <u>Clymer v. Jetro Cash and Carry Enterprises, Inc.</u>, 334 F. Supp. 3d 683, 692 (E.D. Pa. 2018);  <u>Giordano v. Pep</u>

Boys—Manny, More & Jack, Inc., 2001 WL 484360 at *6 (E.D. Pa.
Mar. 29, 2001).  Such prohibitive costs "could preclude a
litigant . . . from effectively vindicating her federal
statutory rights in the arbitral forum."  Green Tree Fin. Corp.-
Alabama v. Randolph, 531 U.S. 79, 90 (U.S. 2000).  The burden
falls on the party seeking to avoid arbitration to show the
likelihood of incurring such prohibitive costs.  Id. at 92.

However, the party seeking to avoid arbitration cannot meet
the burden required without engaging in discovery limited to the
narrow issue of the estimated costs of arbitration and the
claimant's ability to pay them.  Blair v. Scott Specialty Glass,
283 F.3d 595, 609 (3d Cir. 2002).  In Blair, the plaintiff had
submitted an affidavit setting forth her limited financial
capacity, claiming that she could not afford to pay the costs of
arbitration.  Id. at 608.  However, she attached no documents
supporting the facts and figures presented nor any information
about the estimated costs of arbitration.  Id.  However, the
Court found that limited discovery into these issues would allow
the plaintiff the opportunity to prove that arbitration would
deny her a forum to vindicate her statutory rights and allow the
defendant the opportunity to prove that arbitration would not be
prohibitively expensive.  Id. at 610.  Specifically, the Court
noted that limited discovery into "the rates charged by the AAA

and the approximate length of similar arbitration proceedings
should adequately establish the costs of arbitration." Id.

Like the plaintiff in Blair, Plaintiff has submitted an
affidavit setting forth her limited financial capacity, claiming
that she cannot afford to pay even half of the costs of
mediation and arbitration. (Dec. of Shonte Watkins, Doc. No.
7.1.) Plaintiff additionally claims that she would be unable to
afford Defendant's attorneys' fees should she be unsuccessful in
the arbitral forum. Id. However, Plaintiff provides no
documents supporting these assertions. See id. Thus, like in
Blair, limited discovery is necessary. See Guidotti, 716 F.3d
at 774; Blair, 283 F.3d at 610. Only then will the Court be
able to determine whether the costs and fees Plaintiff would
face in both mediation and arbitration would be so prohibitively
expensive as to prevent her from vindicating her federal
statutory rights.

As such, the Court will grant the parties thirty days to
engage in limited discovery regarding the issue of
arbitrability, specifically the estimated costs and fees
associated with their specific mediation and arbitration,
including Defendant's attorneys' fees, as well as Plaintiff's
ability to pay them. Upon completion of the limited discovery,
Defendant should submit a renewed motion to compel arbitration,

which will be reviewed by this Court under the summary judgment standard.  <u>See</u> <u>Guidotti</u>, 716 F.3d at 776.

## **<u>Conclusion</u>**

Defendant's Motion to Dismiss and to Compel Mediation and Arbitration is denied without prejudice.  The parties are to engage in limited discovery regarding the issue of arbitrability.  An appropriate order follows.