IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
SHONTE WATKINS,                 :
                                :       CIVIL ACTION
        Plaintiff,              :
                                :
    v.                          :       NO. 20-656
                                :
VISION ACADEMY CHARTER SCHOOL,  :
                                :
        Defendant.              :
```

**MEMORANDUM AND ORDER**

**Joyner, J.**                                       **DECEMBER  2 , 2020**

Presently before this Court is Defendant's Renewed Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) and to Compel Mediation and Arbitration, and Plaintiff's Memorandum of Law in Opposition thereof. For the reasons that follow, Defendant's Motion is GRANTED IN PART under a modified arbitration agreement and DENIED IN PART as to the Motion to Dismiss.

**Statement of the Case**

On February 4, 2020, Plaintiff Shonte Watkins filed an employment discrimination action against Defendant Vision Academy Charter School, her former employer.[1] On April 13, 2020, Defendant brought a Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) and to Compel Mediation and Arbitration pursuant to the Employment

---

[1] The factual background is incorporated from this Court's previous order denying Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) and to Compel Mediation and Arbitration. See Memorandum and Order denying Def. Motion to Dismiss ("Court Order"), Doc. No. 8, at 2.

1

Agreement (the "Agreement"), and on April 27, 2020 Plaintiff filed her response in opposition.[2] On July 23, 2020, this Court ordered limited discovery to determine the issue of arbitrability, specifically the estimated costs and fees associated with the specific mediation and arbitration, including Defendant's attorneys' fees, as well as Plaintiff's ability to pay them.[3] Following the expiration of limited discovery, Defendant again moved to compel arbitration and Plaintiff again opposed the motion.[4]

## Discussion

### Subject-Matter Jurisdiction

Subject-matter jurisdiction over Plaintiff's federal claims is proper under 28 U.S.C. § 1331.[5] This Court has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.[6]

---

[2] Def. Motion to Dismiss, Doc. No. 6; Pl. Response, Doc. No. 7.
[3] Court Order at 3.
[4] The Employment Agreement in relevant part states: "If there is any dispute between the parties regarding or related to this Agreement, that dispute must be first submitted to non-binding mediation before a mediator agreeable to both parties. . . Any fees or costs incurred by a mediator shall be shared equally by the parties. If mediation fails, then either party may submit an arbitration claim to American Arbitration Association ("AAA") and binding arbitration before AAA shall be the sole and exclusive jurisdiction for any such dispute. . . The fees and costs incurred by AAA and the AAA arbitrator shall be shared equally by the parties. The prevailing party in the arbitration shall be entitled to recover from the non-prevailing party reasonable attorney's fees and costs incurred by the prevailing party. Venue for any such arbitration shall be at the offices of the School or the School's legal counsel, at the discretion of the School." Emp't. Agmt. ¶ 13.
[5] Pl. Complaint, Doc. No. 1, at 10.
[6] Id. at 11.

Standard of Review

In Guidotti, the Third Circuit instructed that a renewed motion to compel arbitration following the completion of limited discovery is to be reviewed under a summary judgment standard.[7] As discussed above, this Court previously considered Defendant's motion to compel arbitration and ordered a limited discovery. Thus, this Court will review the instant motion under a summary judgment standard.

The Scope of the Agreement

This Court finds that the present dispute is within the scope of the Agreement. The Agreement is governed by Pennsylvania contract law and was entered into as a condition of Plaintiff's employment with the proper intent, definite terms, and consideration required by Pennsylvania law.[8] It provides that "any dispute between the parties regarding or related to this Agreement" must be submitted to arbitration.[9] This "related to" language has been given broad construction by the Third Circuit and is interpreted here to encompass claims by an employee regarding her wrongful termination.[10]

---

[7] See Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 773-76 (3d Cir. 2013).
[8] Def. Second Motion to Dismiss, Doc. No. 10, at 6.
[9] Emp't. Agmt. ¶ 13.
[10] See Battaglia v. McKendry, 233 F.3d 720, 727 (3d Cir. 2000) ("In sum, when phrases such as 'arising under' and 'arising out of' appear in Arbitration Agreements, they are normally given broad construction.").

## The Agreement is Enforceable in Part

The Third Circuit recognizes a strong federal policy in favor of arbitration.[11] If a valid agreement to arbitrate exists and the dispute falls within the scope of its terms, the Court must mandate arbitration.[12] To invalidate an agreement and render it unenforceable, a party must prove procedural unconscionability and substantive unconscionability.[13]

Regarding procedural unconscionability, courts have generally found that adhesion contracts satisfy the procedural element of the unconscionability analysis.[14] Courts consider the balance of bargaining power between the parties and whether the contract was presented for signature on a "take it or leave it" basis.[15] This Court finds that the Agreement was a contract of adhesion. Plaintiff had no reasonable opportunity to negotiate, as her signature was a condition of her employment, and the balance of bargaining power was clearly favorable to her employer given Plaintiff's education and resume at the time of her hiring.[16]

---

[11] See Nino v. Jewelry Exch., Inc., 609 F.3d 191, 200 (3d Cir. 2010).
[12] See Guidotti, 716 F.3d 764, at 773-74.
[13] Nino, 609 F.3d 191, at 206.
[14] Nino, 609 F.3d 191, at 201.
[15] Id.
[16] Pl. Response in Opposition to Def. Second Motion to Dismiss, Doc. No. 11, at 12; See Alexander v. Anthony Intern., L.P., 341 F.3d 256, 266 (3d Cir. 2003) (finding the agreement procedurally unconscionable despite a full explanation of the terms because there was no reasonable opportunity to negotiate); contra Zimmer v. CooperNeff Advisors, Inc., 523 F.3d 224 (3d Cir. 2008) (finding an acceptable balance of economic bargaining power where Plaintiff was a Harvard-educated economist with multiple job offers).

Therefore, this Court finds the Agreement is procedurally unconscionable.

Turning now to substantive unconscionability, this Court must determine whether the terms of the Agreement unreasonably favor the stronger party.[17] At issue here is the fee splitting clause, the "loser pays" clause, and the venue selection provision. Regarding the first two provisions, fee-allocating clauses unreasonably favor the stronger party if the weaker party can show that the clauses have a "likelihood of [imposing] prohibitive costs."[18]

On July 23, 2020, this Court ordered a limited discovery to determine this issue, however Plaintiff put forth no additional documentation evincing her income or assets beyond her affidavit.[19] Additionally, the credibility of Plaintiff's affidavit was put at issue as Defendant submitted documentation showing Plaintiff received unemployment benefits for a total of seven weeks, contradicting Plaintiff's declaration that she did not receive any benefits.[20] Nonetheless, the evidence put forth must be evaluated in the light most favorable to the Plaintiff, who submitted

---

[17] See Nino, 609 F.3d 191, at 206.
[18] Blair, 283 F.3d 595 at 610.
[19] Pl. Response in Opposition to Def.'s Second Motion to Dismiss, Doc. No. 11, at 15.
[20] See Pl. Declaration, Doc. No. 7 at 1. But see Def.'s Second Motion to Dismiss, Doc. No. 10, at 4.

estimated costs for arbitration that are potentially prohibitive given her current salary.[21]

In totality, this Court finds that Plaintiff is not at such a disadvantage to render arbitration inappropriate. The fee-allocating provisions are found to be substantively unconscionable and thus unenforceable, but they can be severed from the Agreement as they are neither essential parts of the Agreement nor part of a systematic effort to impose an inferior forum.[22] Finally, regarding the venue provision, this Court does not find that the clause unreasonably favors Defendant.

## Conclusion

Defendant's Motion to Dismiss and to Compel Mediation and Arbitration is GRANTED IN PART as to the provisions of the Arbitration Agreement exclusive of the fee-allocating provisions and DENIED IN PART as to the motion to dismiss.[23] An appropriate order compelling arbitration under a modified agreement follows.

---

[21] Pl. Response in Opposition to Def.'s Second Motion to Dismiss, Doc. No. 11, at 15.
[22] Nino, 609 F.3d 191, at 206, citing Parilla v. IAP Worldwide Services VI, Inc., 368 F.3d 269, 286 (3d Cir. 2004).
[23] See Nino, 609 F.3d 191, 208 n.7 (noting that when unconscionable terms have been severed from the arbitration agreement, courts should stay rather than dismiss the litigation, pending the results of the arbitration).